UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-35(2) (RHK/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | SECOND MOTION TO MODIFY |
| ALAGIE BARROW, ) | RELEASE CONDITIONS |
| ) | |
| Defendants. ) | |

Pursuant to 18 U.S.C. §§ 3142(c)(3) and 3145(a)(2), defendant Alagie Barrow moves to modify the release conditions set by the Magistrate Judge by Order dated February 4, 2015 to permit internet access as necessary to find and obtain employment. Magistrate Judge Rau previously denied a motion to completely eliminate the proscription on internet access. This motion is more narrowly circumscribed and is based on new circumstances over the last five months when the last motion was filed.

Specifically, we are requesting that Mr. Barrow be permitted to use the internet at the public library for the sole purpose of seeking employment and that he be permitted to use the internet as necessary to perform his employment. He will continue to be subject to all other restrictions on internet access.

In further support of this motion, Mr. Barrow states as follows:

1.  On February 4, 2015, Magistrate Judge Rau released Mr. Barrow, over the government's objection, subject to stringent conditions.

2.  Mr. Barrow was initially released to a local halfway house. In April 2015, he was permitted to move to Nashville Tennessee where he resides with his wife and son.

3.      Among Mr. Barrow's conditions of release, he is prohibited from having or using a computer or using "any on-line service without the prior approval of the U.S. Probation and Pretrial Services Officer." In addition, he is prohibited from "engaging in any employment which would allow him computer/Internet access during the term of supervision." Doc. No. 8 at 7(s)-(t).  He is also required to "continue or actively seek employment without computer access." *Id.* at 7(b).

4.      For the last five months, Mr. Barrow has been diligently seeking employment in the Nashville area.  His conditions of release, however, in particular the proscription against any possible access to computers, has made his search virtually impossible. He has been unable to find any employment that meets the criteria set by the Court.

5.      For example, Mr. Barrow was hired by Monarch Business Solutions to sell financing to small businesses. After completing the training, his Pretrial Services Officer told him he could not accept this employment because he would come in contact with computers.

6.      Mr. Barrow was also offered employment by Saks Fifth Avenue in a management position. Again, because Saks uses computers, this employment was unacceptable.

7.      Mr. Barrow's former employer had an opening in quality control. Mr. Barrow could not even apply for it because applications were only accepted online.

8.      Similarly, Mr. Barrow is unable to seek employment through temporary employment services because they too accept applications only online.

9.      In this day and age, virtually all job openings are advertised on online job posting bulletin boards.  Mr. Barrow has no way of even locating suitable jobs because he cannot access the internet to peruse want ads. The days of seeking jobs through the classifieds ads of newspapers is long gone. As a result, Mr. Barrow must randomly visit possible employers and

hope that someone will accept his application and resume. He is rarely able to even get past security, where he is told to check the company's website. Of course, he is unable to do so.

10. Even jobs suitable for a teenager, such as in a fast food outlet, use internet access to process credit cards.

11. In April 2015, Mr. Barrow sought modifications in his release conditions, including the elimination of the proscription against internet use. Doc. No. 55. In its opposition, the government argued, "He does not explain why access to the internet is necessary for his affairs." Doc. No. 62 at 1. Mr. Barrow's experience over the last five months demonstrates exactly why internet access is necessary to his affairs. It is necessary, indeed essential, in order to locate and perform employment so that Mr. Barrow can support himself and his family.

12. The government also objected to Mr. Barrow's access to the internet on the ground that the restriction "is necessary to protect the ongoing safety of the community, including citizens and officials of The Gambia." Doc. No. 62 at 2. The government's argument is completely belied by the fact that two of Mr. Barrow's co-conspirators—Banka Manneh and Cherno Njie—have been permitted internet access. The government has not explained why, if the safety of the community depends on keeping the co-conspirators off the internet at all costs—neither Mr. Manneh nor Mr. Njie has engineered a coup in the many months they have had internet access. The point here is not that the disparate treatment of Mr. Barrow is unfair, an argument Magistrate Judge Rau previously rejected;[1] rather the point is that use of the internet by Mr. Barrow's co-conspirators without any problems calls into serious question the government's

---

[1] Magistrate Judge Rau was acutely concerned about the disparate treatment of defendants at the time of the original detention hearing in February 2015. At that time, the Court pressed the government on the inconsistent positions it was taking—seeking detention of Mr. Barrow at the same time it was seeking release of Mr. Faal who had agreed to cooperate with the government.

3

"safety of the community" argument. The fact is, based on actual evidence rather than speculation, that the safety of the community will not be endangered by allowing Mr. Barrow limited internet access.

13.   This Court has the power to modify the conditions of release at any time pursuant to 18 U.S.C. § 3142(3) which provides, "The judicial officer may at any time amend the order to impose additional or different conditions of release." *See, e.g., United States v. Stephens*, 594 F. 3d 1033 (8th Cir. 2010) (remanding for hearing on whether release conditions should be modified to comply with requirements of Adam Walsh Act); *United States v. Spilotro*, 786 F.2d 808, 813 (8th Cir. 1986) (magistrate judge in court of original jurisdiction has authority to amend conditions of release set in another district). This is merely application of the court's inherent authority to reconsider and modify its own orders. *See also* 18 U.S.C. § 3145(a)(2) (authorizing defendant released on conditions by magistrate judge to file with district court "a motion for amendment of the conditions of release").

14.   Although 18 U.S.C. §3142(c)(3) does not require that new information be presented in order to create grounds for modification of release conditions, there is no question that Mr. Barrow's experience over the last five months is new information that warrants modification of his release conditions. For five months, Mr. Barrow has attempted to obtain employment (as his conditions of release require him to do). For five months, he has been thwarted at every turn. What few openings he has managed to locate without the search tools available on the internet have been unavailable to him because the employer uses computers and/or internet in some aspect of its business.

15.   Mr. Barrow and his family are facing severe financial hardship as a result of his inability to find employment. Mr. Barrow is awaiting sentencing, but no sentencing date has

been set. One defendant's case has not yet been resolved. In all likelihood, sentencing is still at least six months away or more. Meanwhile, Mr. Barrow has been unable to pay the court-ordered child support for his two other children, his student loans, or his income taxes. He is unable to provide food for his family and has been forced to apply for food stamps, even though he is willing and able to work.

16. Although the defense continues to believe that there is no basis for a proscription on internet access, we are not requesting full internet access. We are asking only that Mr. Barrow be permitted to use the internet at the public library solely to seek employment opportunities. In addition, we are asking that he be permitted to accept employment even if it requires internet access or exposes Mr. Barrow to the internet. Under this narrow modification, Mr. Barrow will only be permitted to use the internet to obtain or perform employment. He will not have internet access in his house. He is currently on GPS monitoring so his Pretrial Services Officer will know when he is at the library and can track his time there. If Mr. Barrow were intent on orchestrating a new coup, as the government purports to fear, he could have already done so, as could Mr. Njie and Mr. Manneh who are permitted internet access. They haven't. To the contrary, Mr. Barrow has complied with all of his conditions of release for over six months. Through his conduct, he has proven that he can be trusted with the limited internet access requested here.

Dated: August 22, 2015

Respectfully submitted,

*s/ Robert D. Richman*
ROBERT D. RICHMAN
Attorney ID No. 226142
P.O. Box 16643
St. Louis Park, MN  55416
(651) 278-4987
Attorney for Defendant